IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Elder Prescott Leach, | ) | Civil Action No. 9:19-cv-01726-JMC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Warden, *Lieber Correctional Institution*, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Elder Prescott Leach, proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (1996). (ECF No. 1.) The matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") issued on February 25, 2020. (ECF No. 34.) For the reasons stated below, the court **ACCEPTS** the Report (ECF No. 34), **GRANTS** Respondent's Motion for Summary Judgment (ECF No. 24), and **DISMISSES** Petitioner Elder Prescott Leach's Habeas Petition (ECF No. 1).

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which the court incorporates herein without a full recitation. (ECF No. 34 at 2–7.) In March 2014, Petitioner was charged and convicted of two counts of trafficking in crack cocaine in York County. (*Id.* at 2.) He was sentenced to life imprisonment without parole. (*Id.*) The Report provides the issues that Petitioner raised in his Habeas Petition:

> **Ground One:** Did the trial court commit a reversible error in . . . upholding the warrantless seizure and search of Appellate's vehicle under the "plain view" doctrine because the searching officer did not discover the packaging materials or the scale until she either: (1) sat in the vehicle, which was an unlawful vantage point, or, (2) opened the driver's side door, which constituted an improper warrantless search?
>
> **Supporting Facts:** Petitioner incorporates by reference the facts presented on his

1

*Anders* Brief in Ground One. Please see attached pages of direct appeal brief. See attached pages 19–26.

**Ground Two:** Did the PCR court err in denying Petitioner relief where trial counsel rendered ineffective assistance by failing to strike a juror with two family members in law enforcement who were employed in the same county as Petitioner's trial, where counsel still had strikes remaining at the time said juror was called to serve on the panel at Petitioner's trial?

**Supporting Facts:** Petitioner incorporates by reference the facts presented on his *Johnson* Brief in Ground Two. Please see attached pages 27–30.

**Ground Three:** Did the PCR court err in finding that trial counsel provided effective assistance of counsel where trial counsel failed to properly challenge prior convictions, resulting in life without parole ("LWOP") sentences[s]?

**Supporting Facts:** Petitioner incorporates by reference the facts presented on his *Johnson* Brief (pro se) in Ground Three [issue one on Petitioner's pro se response to *Johnson* petition. See attached pages 31–33.

**Ground Four:** Did the PCR court err in finding that trial counsel provided effective assistance of counsel where trial counsel failed to object to the sufficiency of indictment and to the indictment being materially amended at the close of trial?

**Supporting Facts:** Petitioner incorporates by reference the facts presented on his *Johnson* Brief (pro se) in Ground Four [issue three on Petitioner's pro se response to *Johnson* Petition. See attached pages 34–35.

**Ground Five:** Ineffective Assistance of Appellate Counsel for failing to raise: The trial court erred in denying the appellant's motion for a directed verdict motion of acquittal on both counts of trafficking in crack-cocaine where the state failed to present sufficient evidence of an essential element of trafficking in crack-cocaine, thereby depriving him of due process of law under the Fifth and Fourteenth Amendments to the United States Constitution.

**Supporting Facts:** See attached pages 37–40.

(ECF No. 34 at 6–7 (citing ECF No. 1 at 5–40).)

Respondent Warden of Lieber Correctional Institution filed a Motion for Summary Judgment on November 8, 2019. (ECF No. 24.) The Magistrtate Judge issued a Report on February 25, 2020, recommending that Respondent's Motion for Summary Judgment be granted and Petitioner's Habeas Petition be dismissed with prejudice. (ECF No. 34.) In short, the

Magistrate Judge determined that Petitioner "has failed to meet his burden under 28 U.S.C. § 2254 of demonstrating that the PCR court's 'decision . . . was contrary to, or involved an unreasonable application of, clearly established Federal law . . . or that the decision 'was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." (*Id.* at 23.) Petitioner timely filed Objections to the Report on March 13, 2020. (ECF No. 36.)

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(c) for the District of South Carolina. The Magistrate Judge makes only a recommendation to the court, which has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court reviews *de novo* only those portions of a Magistrate Judge's Report and Recommendation to which specific objections are filed, and reviews those portions which are not objected to – including those portions to which only "general and conclusory" objections have been made – for clear error. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

The court is required to interpret *pro se* documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *see also Hardin v. United States*, C/A No. 7:12-cv-0118-GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012). Additionally, *pro se* documents must be construed in a favorable manner, "no matter how inartfully pleaded, to see whether they could

3

provide a basis for relief." *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. Aug. 12, 1997). Yet, even though *pro se* documents are liberally construed by federal courts, "[t]he 'special judicial solitude' with which a district court should view *pro se* complaints does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

### III. DISCUSSION

The court finds that Petitioner's Objection simply rehashes the arguments found in the Habeas Petition. (*See* ECF No. 1 at 5–40.) and that the Magistrate Judge adequately considered each of Petitioner's claims (*See* ECF No. 34 at 7–24). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby*, 718 F.2d at 199. The court concludes that the Magistrate Judge's Report accurately summarizes the law and correctly applies it to the instant Habeas Petition. (ECF No. 34 at 7–23.) Thus, because there are no specific objections and no clear error in the record, the court adopts the Report. *See Diamond*, 416 F.3d at 315; *see also Camby*, 718 F.2d at 199.

### IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 34), **GRANTS** Respondent Warden of Lieber Correctional Institution's Motion for Summary Judgment (ECF No. 24), and **DISMISSES** Petitioner Elder Prescott Leach's Habeas Petition (ECF No. 1) with prejudice.

**Certificate of Appealability**

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would

find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 536 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

May 21, 2020
Columbia, South Carolina